# MEMORANDUM OPINION
*(Bench Opinion)*

April 25, 2006

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| LINDA FAYE CARTER | : | Case No. 05-31128 |
| d/b/a ALPINE HIDEAWAY RV | : | Chapter 7 |
| | : | |
| Debtor | : | |

BEFORE THE HONORABLE RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

FOR THE DEBTOR:

Linda Faye Carter, *Pro Se*
458 Troy Drive
Pigeon Forge, Tennessee  37863

FOR WILLIAM T. HENDON, TRUSTEE:

DAVID H. JONES, ESQ.
Post Office Box 50034
Knoxville, Tennessee  37950

FOR INDYMAC BANK, FSB:

TIMOTHY F. FROST, ESQ.
109 Northshore Drive, Suite 302
Knoxville, Tennessee  37919

APPEARANCES (Continued):

FOR JOSEPH AND BOBBIE KING:

THOMAS LYNN TARPY, ESQ.
Suite 2100, Riverview Tower
900 South Gay Street
Knoxville, Tennessee  37902

FOR THE UNITED STATES TRUSTEE:

PATRICIA C.  FOSTER, ESQ.
BECKY H. HALSEY, ESQ.
Howard H.  Baker, Jr. United States Courthouse
800 Market Street, Suite 114
Knoxville, Tennessee  37902

FOR MICHAEL CARTER MORE PERFECT
WORLD CHURCH MINISTRIES:

Michael Carter, *Pro Se*
251 Spring Valley Road
Pigeon Forge, Tennessee 37863

1        THE COURT:  There are three motions that I have before me this afternoon,

2    all of which were filed yesterday, that were noticed for hearing orally by the courtroom

3    deputy late yesterday and we were able to get everyone here and I have endeavored to

4    give all parties an opportunity to speak their piece.  They are, to a large extent, legal

5    issues rather than fact specific and, for that reason, I do have a record and take judicial

6    notice of all matters that are of record in the Debtor's case file pursuant to Rule 201 of

7    the Federal Rules of Evidence.

8        I am going to deal with the Motion to Reconsider Order to Convert This

9    Case From Chapter 11 to Chapter 7 filed by the Debtor, Ms. Carter, separately, and then

10   I will deal with the two emergency motions to stay the Thursday sale of the real estate.

11       The Motion to Reconsider, which is what I will refer to it as, as I have

12   indicated, was filed by Ms. Carter, pro se.  I have excused on my own motion her

13   attorney, John Fowler, from further representation based not upon matters that were

14   stated in the Motion to Reconsider but that were set forth in the ex parte emergency

15   motion she filed.  I find those matters to be considerably derogatory and, to a great

16   extent, defamatory and I determined that Mr. Fowler could not continue to represent

17   Ms. Carter given the context and language of those motions.

18       There is, in fact, no such motion known as "motion to reconsider" under the

19   Federal Rules of Civil Procedure or Federal Rules of Bankruptcy Procedure.  Instead, a

20   motion to reconsider will be deemed by the court to be a motion to alter or amend a

21   judgment filed pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, made

22   applicable to bankruptcy cases pursuant to Rule 9023 of the Federal Rules of

23   Bankruptcy Procedure.  *See Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th

24   Cir. 1982).  Pursuant to Rule 59(e), a motion to alter or amend judgment "shall be filed

25   no later than 10 days after entry of the judgment."

1        As I said, all facts essential to the disposition of the Motion to Reconsider

2        are of record and I have taken judicial notice of the same.  These facts are as follows.

3        The Debtor filed the Voluntary Petition commencing her bankruptcy case under

4        Chapter 11 on March 1, 2005.  On August 18, 2005, the United States Trustee filed a

5        Motion of United States Trustee to Dismiss or Convert.  On the same date, two of the

6        Debtor's secured creditors, Joseph D. King and Bobbie Rae King, filed a Motion by

7        Joseph D. King and Bobbie Ray King to Convert to Chapter 7, Dismiss, or Appoint a

8        Trustee.  By these motions, both the United States Trustee and Mr. and Ms. King sought

9        an order converting the Debtor's Chapter 11 case to Chapter 7.  As alternative relief,

10       Mr. and Ms. King sought dismissal or, if the court determined that the case would

11       remain in Chapter 11, the appointment of a Chapter 11 trustee.

12         I conducted an evidentiary hearing on these motions on October 4, 2005,

13       together with an automatic stay motion filed by Mr. and Ms. King shortly after the

14       bankruptcy case was filed.  I believe the automatic stay motion was filed on March 10,

15       2005.  It is not a subject of the current motion, except peripherally, so I will not address

16       it further.  At any rate, at the October 4, 2005 hearing on the conversion/dismissal

17       motions, Ms. Carter was represented by her attorney, Mr. Fowler, and I heard testimony

18       from Ms. Carter and twelve exhibits were introduced into evidence.  I considered the

19       arguments of counsel.  At the close of the evidence, I dictated a memorandum opinion

20       from the bench containing findings of fact and conclusions of law and granted the

21       United States Trustee and King motions to the extent conversion to Chapter 7 was

22       requested.

23         On October 5, 2005, I entered an order converting the Debtor's Chapter 11

24       case to Chapter 7.  Thereafter, I believe it was on October 5, 2005, William T. Hendon

25       was appointed trustee of the Chapter 7 estate.  A creditors' meeting was noticed for

1    hearing pursuant to Section 341(a) of the Bankruptcy Code for November 8, 2005.

2    That meeting was rescheduled two or three times and was finally held on December 1,

3    2005. Mr. Hendon has continued to administer the estate and on February 10, 2006,

4    Ms. Carter, the Debtor, was granted her discharge pursuant to 11 U.S.C. § 727.

5        On April 24, 2006, yesterday, some five and a half months after the

6    October 5, 2005 Order was entered converting the Chapter 11 case to Chapter 7,

7    Ms. Carter filed the present Motion to Reconsider requesting, in effect, that the

8    October 5, 2005 Conversion Order be vacated and that she be allowed to proceed under

9    Chapter 11. Orders converting a case from Chapter 11 to Chapter 7 are final orders that

10    are "immediately appealable." *Fraidlin v. Weitzman (In re Fraidlin)*, No. 95-2922,

11    1997 U.S. App. LEXIS 6265, at *4 (4th Cir. Apr. 3, 1997); *see also Kershaw v. Behm*,

12    819 F.2d 1142 (6th Cir.1987); and *Chu v. Syntron Bioresearch, Inc. (In re Chu)*, 253

13    B.R. 92, 93 (S.D. Cal. 2000); *Halvajian v. The Bank of New York (In re Halvajian)*,

14    216 B.R. 502, 509-510 (D.N.J. 1998) (with analysis of differences between liquidation

15    and reorganization).

16        Under Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, the

17    appeal of the October 5, 2005 Order converting the Debtor's case from Chapter 11 to

18    Chapter 7 required the filing of a notice of appeal within ten days, that is, by

19    October 15, 2005. Because that day fell on a Saturday, the appeal time would have

20    been extended to October 17, 2005, provided, however, that under Rule 8002(b) a

21    motion to alter or amend the judgment filed within the ten-day appeal time would have

22    tolled the running of the appeal time until disposition of the motion to alter or amend.

23    Such a motion was not filed until the Debtor filed the Motion to Reconsider on

24    April 24, 2006.

25        Here, as I have noted, the time for filing a notice of appeal of the October 5,

1     2005 Order converting the case to Chapter 7 expired, at the latest, on October 17, 2005.

2     The Motion to Reconsider filed on April 24, 2006, is clearly untimely and will be

3     denied.

4         This Memorandum constitutes findings of fact and conclusions of law as

5     required by FED. R. CIV. P. 52(a). I will not ask the court reporter to transcribe my

6     opinion. If it is transcribed, an original only will be prepared and delivered to me for

7     such additions and corrections as I deem appropriate. An order commensurate with my

8     opinion will be entered in due course.

9     FILED: May 22, 2006

10

11                                          /s/ *RICHARD STAIR, JR.*
                                              RICHARD STAIR, JR.

12                                               U.S. BANKRUPTCY JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25