**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No.  05-31128

LINDA FAYE CARTER
d/b/a ALPINE HIDEAWAY RV

        Debtor

**SUPPLEMENTAL MEMORANDUM ON TRUSTEE'S
OBJECTION TO CLAIM NUMBER 19 FILED BY MICHAEL CARTER
MORE PERFECT WORLD CHURCH MINISTRIES**

**APPEARANCES:**    DAVID H. JONES, ESQ.
    Post Office Box 50034
    Knoxville, Tennessee  37950
    Attorney for William T. Hendon, Chapter 7 Trustee

    Linda Faye Carter
    251 Spring Valley Road
    Pigeon Forge, Tennessee  37863
    *Pro Se* Debtor

    Michael Carter More Perfect World Church Ministries
    251 Spring Valley Road
    Pigeon Forge, Tennessee  37863
    *Pro Se* Claimant

    RICHARD F. CLIPPARD, ESQ.
    UNITED STATES TRUSTEE
    Patricia C. Foster, Esq.
    800 Market Street
    Suite 114
    Knoxville, Tennessee  37902
    Attorneys for United States Trustee

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This Memorandum supplements and supercedes the court's abbreviated ruling dictated in open court on May 25, 2006.

I

This contested matter is before the court on the Objection to Claim Number 19 Filed By Michael Carter More Perfect World Church Ministries (Objection to Claim) filed on March 8, 2006, by the Chapter 7 trustee, William T. Hendon (Trustee). By the Objection to Claim, the Trustee objects to the allowance of the Proof of Claim (Claim) filed on February 7, 2006, by "Michael Carter More Perfect World Church Ministries" (Mr. Carter), whereby Mr. Carter asserts a claim against the estate in an unspecified amount secured by "real estate" and "all assets of the Debtor."[1] The Claim, consisting of a single page Official Form No. 10 Proof of Claim, contained no supporting documentation when filed.

On March 31, 2006, Mr. Carter filed an "Objection to Relief Requested By Trustee William T. Hendon in Regard to Claim Number 19 Filed By Michael Carter More Perfect World Church Ministries, Objection to Subsequent Court Order Regarding Claim Number 19, Disallowing Said Claim, Request That Hearing Be Set Pursuant to 'Notice of Opportunity to Object and For Hearing', and Request that the Court Allow Adequate Time For Motions and Briefs to Be Filed Prior to Hearing" (Response). A hearing on the Objection to Claim was set for April 27, 2006. Upon Mr. Carter's failure to appear, the court, pursuant to an Order entered on April 28, 2006, continued the

---

[1] Each of the documents filed by Michael Carter in this case have been signed by "Michael Carter," individually, but have been filed in the name of "Michael Carter More Perfect World Church Ministries." All references to Mr. Carter in this Memorandum refer not only to him individually, but also to "Michael Carter More Perfect World Church Ministries." Mr. Carter is not represented by counsel.

2

hearing to May 25, 2006, and directed that Mr. Carter, by May 18, 2006, amend his Claim to include all documentation relied upon to support his contention that he has a claim in this bankruptcy estate and, if so, that the claim is secured by property of the estate. On May 3, 2006, Mr. Carter filed a document entitled "Submission of Requested Documents For Claim 19" to which he attached two items: (1) a hand-written two-page document entitled "Church Record & Commendation" signed by Mr. Carter, and (2) a single-page typewritten document dated "Tuesday, May 2, 2006" entitled "Church Record," signed by both Mr. Carter and the Debtor. These documents comprise the basis for Mr. Carter's Claim in this bankruptcy case. Both documents will be discussed in more detail in subsequent paragraphs in this Memorandum.

At the May 25, 2006 hearing on the Trustee's Objection to Claim, the court determined that the issues before it raised questions of law, and that, because there are no facts in dispute, an evidentiary hearing is not required.

Although the Trustee's Objection to Claim is easily resolved, Mr. Carter's filing of multiple motions in this bankruptcy case and his persistent referral to himself and the Debtor as "we" has led the court to believe that Mr. Carter has attempted to interject himself into the role of the Debtor in this bankruptcy case. At a minimum, he has, through his repeated filings, endeavored to "represent" the Debtor and her interests, in a manner that might well constitute the unauthorized practice of law. *See* TENN. CODE ANN. § 23-3-103 (Supp. 2005). For this reason, the court will, through this Memorandum, resolve not only the Objection to Claim but will also elaborate on its prior determination that Mr. Carter has no interest or standing to participate in this bankruptcy case. *See*

*In re Carter*, Case No. 05-31128, slip op., docket no. 123 (Bankr. E.D. Tenn. Apr. 25, 2006, transcribed and filed on May 22, 2006).

**II**

The Debtor filed the Voluntary Petition commencing her case under Chapter 11 of the Bankruptcy Code on March 1, 2005.[2] Mr. Carter was not listed by the Debtor in her Statement of Financial Affairs and Schedules as the holder of any claim against the Debtor or as otherwise having any interest in any real or personal property listed as an asset of the estate. No amended statements and schedules have been filed by the Debtor to evidence that Mr. Carter holds any claim or interest in the assets of this bankruptcy estate.

The Debtor's case was converted to Chapter 7 on October 5, 2005, following an evidentiary hearing on motions seeking conversion or dismissal filed by the United States Trustee and two secured creditors, Joseph and Bobbie King. At the October 4, 2005 trial on the conversion/dismissal motions, the Debtor testified that she was the owner of the real estate that is the subject of Mr. Carter's Claim. She at no time offered any testimony that Mr. Carter now has or has at any time asserted an interest in the 458 Troy Drive and 251 Spring Valley Road properties in Pigeon Forge, Tennessee, that comprise the principal assets of the estate. Her testimony was to the effect that Mr. Carter intended to lease this property.

---

[2] At the time she commenced her case, the Debtor was represented by Attorney John H. Fowler. On April 26, 2006, the court, due to statements made by the Debtor in a pending motion, filed *pro se*, removed Mr. Fowler, *sua sponte*, from further representation.

### III

As previously discussed, Mr. Carter's Claim, filed on February 7, 2006, asserts a claim in an unspecified amount secured by all of the Debtor's real estate and assets, which he lists at a value of $6,000,000.00. The Claim indicates that a debt was incurred in 2001, and that Mr. Carter is the "owner under contract" of the Debtor's assets. Nevertheless, there was no contract or other supporting documentation attached to the Claim. Instead, Mr. Carter attached a document dated February 6, 2006, entitled "Memo," addressed to the United States Bankruptcy Court, which states the following:

> Imperfect, inadequate and incomplete counsel has resulted in the confused and mistaken filing of this case with material defects.
>
> Claimant, Michael Carter of More Perfect World Church Ministries will submit a motion forthwith so that the court can correct these simple mistakes, especially in reference to the Ministries lease / purchase agreement as per the accompanying claim.
>
> Filed by fax on date above written.

On March 8, 2006, the Trustee filed the Objection to Claim, first stating that no part of the Claim was filed as unsecured, so the claimant is not entitled to participate in distribution to unsecured creditors. The Trustee then objected to the Claim as being fully secured, as there was no documentation to support its validity. In his Response filed on March 31, 2006, Mr. Carter requested a hearing "in order that the creditor may present all necessary facts, in addition to records that have been submitted to the court since the original filing of this case in the form of documents and sworn testimony, to substantiate this secured claim to the satisfaction of the court." On April 5,

2006, the clerk issued a Notice of Hearing scheduling a hearing on the Objection to Claim for April 27, 2006, at 9:00 a.m.

On March 15, 2006, the Trustee filed a Notice of Trustee's Intent to Sell Real Property By Public Auction (Notice of Intent to Sell), stating that the Debtor's real properties located at 251 Spring Valley Road, Pigeon Forge, Tennessee and 458 Troy Drive, Pigeon Forge, Tennessee were to be sold at auction on Thursday, April 27, 2006, at 10:00 a.m.[3] The Notice of Intent to Sell contained the following passive notice language, as provided in the Local Rules of the United States Bankruptcy Court for the Eastern District of Tennessee:

> Pursuant to Local Rule 9013-1(h), the court may consider this matter without further notice or hearing unless a party in interest files an objection. If you object to the relief requested in this paper, you must file with the clerk of the court at United States Bankruptcy Court, Howard H. Baker, Jr. U.S. Courthouse, 800 Market Street, Suite 330, Knoxville, Tennessee 37902, an objection within 20 days from the date this paper was filed and serve a copy on the movant's attorney, David H. Jones, P.O. Box 50034, Knoxville, Tennessee 37950. If you file and serve an objection within the time permitted, the court will schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the court will consider that you do not oppose the relief requested in this paper and may grant the relief requested therein without further notice or hearing.

Pursuant to this Notice of Intent to Sell, which was served, *inter alia*, on the Debtor and Mr. Carter, all objections to the sale of the Debtor's property by public auction were to be filed and served by April 4, 2006. No objections were filed.

On April 24, 2006, the Debtor, acting *pro se*,[4] filed the following documents: (1) a "Motion to Reconsider Order to Convert This Case From Chapter 11 to Chapter 7," asking the court to

---

[3] The Trustee's authorization for the sale of the estate's property and the procedure employed in doing so is derived from 11 U.S.C.A. § 363 (West 2004) and Rule 6004 of the Federal Rules of Bankruptcy Procedure.

[4] *See supra* n.2.

6

convert her case back to Chapter 11 "given the significant new information that has come to light in this case;" and (2) an "Ex Parte Emergency Motion to Stay the Trustees [sic] Sale of Properties at 251 Spring Valley and 458 Troy Drive Scheduled For April 27, 2006 and to Refer This Case For Criminal Investigation," requesting a stay of the auction and alleging fraudulent and criminal conduct by various parties concerning her bankruptcy case. Mr. Carter also filed an "Ex Parte Emergency Motion to Stay the Trustees [sic] Sale of Properties at 251 Spring Valley and 458 Troy Drive Scheduled For April 27, 2006 and to Refer This Case For Criminal Investigation," alleging that "the Court has effectively blocked any hope of a fair and open bidding process by requiring that Mr. Carter appear at the Court in Knoxville at 9 O'clock AM for a hearing on his claim while the sale of the property is scheduled for 10 O'clock AM the same morning in Pigeon Forge, thereby denying him the right to be present at the auction and bid on the property and protect his claim and other material facts that have just come to light as detailed in the debtors [sic] motion of this same date[.]"[5]

The court held an emergency hearing on these motions on April 25, 2006, and following argument and testimony, made a ruling from the bench denying all three motions. Regarding the two "Ex Parte Emergency Motions," the court held that neither the Debtor nor Mr. Carter had standing to object to the April 27, 2006 auction sale. Specifically, the court held that Chapter 7 debtors do not generally have standing unless there is a surplus in the estate which will then revert

---

[5] Mr. Carter filed this motion *pro se*, representing to the court at the April 25, 2006 hearing that he is the sole proprietor of More Perfect World Church Ministries. However, the court takes judicial notice of Exhibit 4 introduced into evidence in this case in connection with a trial held on October 4, 2005, concerning the motions to convert or dismiss, that More Perfect World Church Ministries is, in fact, an active not-for-profit corporation, formed on June 9, 2005, and organized under the laws of the State of Tennessee, for which Calvin Michael Carter is the registered agent for service of process. It is well settled that "a corporation cannot appear in federal court except through an attorney." *Doherty v. Amer. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984) (citations omitted).

7

to the debtor, and based upon the record before the court, it did not appear that there would be any surplus, and thus, the Debtor did not have a pecuniary interest in the sale that would provide her with standing to object. With respect to Mr. Carter, the court found that he did not have standing to object to the sale based upon the record, along with Mr. Carter's testimony and reluctance to answer questions propounded to him by the court in open court concerning the basis of his filed Proof of Claim. Additionally, the court determined that the "Ex Parte Emergency Motions" filed by Mr. Carter and the Debtor seeking to stay the sale were untimely because they were filed well after the April 4, 2006 date for objecting to the sale. Orders memorializing the court's ruling from the bench were entered on April 26, 2006.

Following entry of the April 26, 2006 Orders, Mr. Carter filed an "Ex Parte Emergency Motion to Stay the Trustees [sic] Sale of Properties at 251 Spring Valley and 458 Troy Drive Scheduled For April 27, 2006 & Motion For Change of Venue." This motion requested a stay of the auction, postponement of the hearing on the Objection to Claim, and a change of venue of the entire case to the Bankruptcy Court in St. Louis, Missouri. The court entered an Order on April 27, 2006, summarily denying this motion since venue of the Debtor's case is properly in the Eastern District of Tennessee, and the motion "otherwise substantially duplicates an Ex Parte Emergency Motion to Stay the Trustees Sale of Properties at 251 Spring Valley and 458 Troy Drive Scheduled For April 27, 2006 and to Refer This Case For Criminal Investigation filed by Mr. Carter on April 24, 2006, which was heard by the court on April 25, 2006, and denied pursuant to an Order entered on April 26, 2006[.]" The court did, however, as previously noted, enter an Order on April 28, 2006, continuing the hearing on the Trustee's Objection to Claim to May 25, 2006, and directed that Mr. Carter, by May 18, 2006, "amend his claim to include all documentation in support

8

of his contention that he has a secured claim in this bankruptcy case." On May 3, 2006, Mr. Carter filed the "Submission of Requested Documents for Claim 19," attaching the hand-written document entitled "Church Record & Commendation" and the type-written document entitled "Church Record."[6]

## IV

"A proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f). Furthermore, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C.A. § 502(a) (West 2004); *see also* FED. R. BANKR. P. 3002(a) (providing that, in Chapter 7 cases, unsecured creditors must file a proof of claim to participate in distribution); FED. R. BANKR. P. 3007 (setting forth the procedure for objections to claims). In Chapter 7 cases, it is the duty of the Chapter 7 trustee to "examine proofs of claims and object to the allowance of any claim that is improper[.]" 11 U.S.C.A. § 704(5) (West 2004).

Upon objecting to a claim, the Trustee bears the burden of "presenting evidence to rebut or cast doubt upon, the creditor's proof of claim . . . [and] produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency[,] . . . [at which point], the burden reverts to the claimant to prove the validity of the claim . . . by a preponderance of the evidence." *In re Giordano*, 234 B.R. 645, 650 (Bankr. E.D. Pa. 1999) (quoting *Galloway v.*

---

[6] Mr. Carter also filed an "Ex Parte Emergency Motion Requesting the Court Answer Inquiries" on May 3, 2006, requesting that the court respond to a series of questions set forth in the Motion. This Motion was summarily denied by an Order entered on May 10, 2006.

9

*Long Beach Mortgage Co. (In re Galloway)*, 220 B.R. 236, 243-44 (Bankr. E.D. Pa. 1998)); *see also In re Walsh*, 264 B.R. 482, 484 (Bankr. N.D. Ohio 2001); *Namer v. Sentinel Trust Co. (In re AVN Corp.)*, 248 B.R. 540, 547 (Bankr. W.D. Tenn. 2000).

Validity of a proof of claim stems from the status of a party as a creditor of the debtor. Creditor is defined by the Bankruptcy Code as "[an] entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." 11 U.S.C.A. § 101(10)(A) (West 2004). Claim is defined as "[a] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C.A. § 101(5)(A) (West 2004). Thus, the court must determine whether Mr. Carter is entitled to payment of any amount of money from the Debtor, based upon the documents filed in connection with this hearing.[7]

The first document is a hand-written document entitled "Church Record & Commendation," which states, in its entirety:

> Recorded this 5th day of September 2001, in Pigeon Forge, Tennessee for the official Church record of More Perfect World Church Ministries, pursuant to the authority conveyed by the constitution of the United States and religious freedoms thereunder, let it be known to all that:
>
> Linda Fay Carter, a single US citizen, being led of the Lord and having devoted her life to the discipleship of Jesus has given herself and all she possesses to the Ministry in the name of God.
>
> Acting on behalf and under the authority of More Perfect World Church Ministry in all that she does, having commenced in the year 2000. She has acquired property as well as a business at 251 Spring Valley Road, Pigeon Forge TN, also

---

[7] Mr. Carter's position now appears to be that these documents establish that he (More Perfect World Church Ministries), and not the Debtor, was the owner of the 458 Troy Drive and 251 Spring Valley Road properties at the time the Debtor filed her bankruptcy case.

known as Alpine Hideaway; 2803 Ridgeway Trail and 458 Troy Drive all in Sevier County TN, on behalf of the Ministry.

She has established Ministry bank accounts and credit in her name and conducted and managed enterprises on behalf of the Ministry including Alpine Hideaway.

In so doing she has demonstrated her faithful service to the Lord and is this day given special recognition and commendation by the Church, to be placed in her permanent record.

Linda Faye Carter,
May you prosper and be in good health even as your soul prospers.

/s/ Michael Carter
Michael Carter Pastor

Memorialized and affirmed for filing February 6, 2006.

| /s/ Michael Carter | /s/ Linda F. Carter |
|---|---|
| Michael Carter | Linda Faye Carter |

The second document, a type-written document entitled "Church Record," states, in its entirety:

Tuesday, May 2, 2006

Whereas Linda Faye Carter acquired land, structures and a business on behalf of the Church in the year 2000 and dedicated them to God, and at the time of this gift and pledge, swore an oath to God to protect the Churches [sic] ownership of same, and to execute any necessary legal documents on behalf of the Church in the future;

Comes now the Church to require Linda Faye Carter to execute a "Power of Attorney," necessary for church filings, which will be used in a lawful manner.

| /s/ Michael Carter | /s/ Linda F. Carter |
|---|---|
| Minister Michael Carter | Minister Linda Carter |
| More Perfect World Ministries | |
| Date  5/2/06 | Date  5/2/06 |

These documents are in no way sufficient to transfer any interest of the Debtor in the real property in Pigeon Forge, Tennessee, to Mr. Carter or any entity by the name of More Perfect World Church Ministries or to serve as a basis for Mr. Carter's claim to a security interest in any property of the estate.

> In Tennessee, as in other states, land conveyances generally occur in a two step process: execution of a land sale contract followed by execution and delivery of a deed. In a land sale contract, a seller agrees in writing to convey specified real property to a buyer at a specified price. The actual conveyance of an ownership interest in the property, however, generally occurs by execution and delivery of a deed that satisfies the various formalities required by state statute . . . [containing] words showing the seller's intention to transfer an estate in fee to the buyer.

*Limor v. Daniel (In re Gee)*, 166 B.R. 314, 317 (Bankr. M.D. Tenn. 1993) (citing TENN. CODE ANN. § 66-5-103(1) (2004)[8] (other internal citations omitted).

---

[8] Tennessee Code Annotated section 66-5-103, entitled "Forms of conveyances," states as follows:

The following or other equivalent forms, varied to suit the precise state of facts, are sufficient for the purposes contemplated, without further circumlocution:

(1) (A) For a deed in fee with general warranty: "I hereby convey to A. B. the following tract of land (describing it), and I warrant the title against all persons whomsoever;"

(B) Covenants of seisin, possession, and special warranty: "I covenant that I am seized and possessed of this land, and have a right to convey it, and I warrant the title against all persons claiming under me;"

(2) For a quitclaim deed: "I hereby quitclaim to A. B. all my interest in the following land" (describing it);

(3) For a mortgage: "I hereby convey to A. B. the following land (describing it), to be void upon condition that I pay," etc; and

(4) For a deed of trust: "For the purpose of securing to A. B. a note of this date, due at twelve (12) months, with interest from date (or as the case may be), I hereby convey to C. D., in trust, the following property (describing it). And if the note is not paid at maturity, I hereby authorize C. D. to sell the property herein conveyed (stating the manner, place of sale, notice, etc.), to execute a deed to the purchaser, to pay off the amount herein secured, with interest and costs, and to hold the remainder subject to my order."

TENN. CODE ANN. § 66-5-103.

12

In the first place, the document entitled "Church Record & Commendation" recites only that the Debtor "has acquired property . . . at 251 Spring Valley Road, Pigeon Forge TN, also known as Alpine Hideaway; 2803 Ridgeway Trail and 458 Troy Drive, all in Sevier County TN, on behalf of the Ministry." There is no language to evidence a conveyance of the property from the Debtor to Mr. Carter or More Perfect World Church Ministries. Second, this document, which purports to have been executed on the "5th day of September 2001", is not signed by the Debtor. It is signed by Mr. Carter. The Debtor's signature, together with a second signature of Mr. Carter, is situated under the phrase "Memorialized and affirmed for filing February 6, 2006." These latter signatures were affixed to the "Church Record & Commendation" approximately four and a half years after its purported execution by Mr. Carter.

As to the "Church Record," it is signed by both the Debtor and Mr. Carter and is dated May 2, 2006, approximately fourteen months after the Debtor commenced her bankruptcy case. Furthermore, this document recites only that "Linda Faye Carter acquired land, structures and a business on behalf of the Church in the year 2000 . . . ." Nothing in the record of this bankruptcy case, including the Debtor's statements and schedules, all of which were signed by the Debtor under penalty of perjury, states anything other than that the Debtor was the owner in fee of the Pigeon Forge real property. This is corroborated by her testimony at the October 4, 2005 trial on the conversion/dismissal motions filed by the Kings and United States Trustee.

Additionally, the Disclosure Statement For a Plan of Reorganization Dated September 6, 2005, Proposed By the Debtor Linda Faye Carter (Disclosure Statement) signed and filed by the Debtor on September 6, 2005, prior to the conversion of her case to Chapter 7, recites that

"Linda Faye Carter . . . purchased the main asset in this case on August 29, 2000." DISCLOSURE STATEMENT at 2. The Disclosure Statement further recites that the Debtor "intends to enter into a lease purchase agreement with respect to the commercial property owned by the debtor with More Perfect World Church Ministries Inc. on the day of confirmation of the plan. . . . The lease will contain an option for purchase of the commercial property for its market value . . . ." DISCLOSURE STATEMENT at 5. At no place in the Disclosure Statement does the Debtor state that Mr. Carter or More Perfect World Church Ministries has an interest, secured or otherwise, in the Pigeon Forge real property.

Furthermore, neither the "Church Record & Commendation" or "Church Record" satisfies the Statute of Frauds, thereby constituting a binding contract under Tennessee law, which is necessary for a transfer of an interest in property. "It is well established that a contract can be express, implied, written, or oral, 'but an enforceable contract must result from a meeting of the minds in mutual assent to terms, must be based upon sufficient consideration, must be free from fraud or undue influence, not against public policy and must be sufficiently definite to be enforced.'" *Thompson v. Hensley*, 136 S.W.3d 925, 929 (Tenn. Ct. App. 2003) (quoting *Klosterman Dev. Corp. v. Outlaw Aircraft Sales, Inc.*, 102 S.W.3d 621, 635 (Tenn. Ct. App. 2002)). However, with respect to a transfer of interest in real property, in order to validly convey title of real property from one party to another, the transfer must satisfy the statute of frauds:

> No action shall be brought: . . . (4) [u]pon any contract for the sale of lands . . . or the making of any lease thereof for a longer term than one (1) year . . . unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person lawfully authorized by such party.

TENN. CODE ANN. § 29-2-101 (2001).  Because a "seller" of property is the "party to be charged," the failure of a seller to execute a contract purporting to transfer interest in real property does not satisfy the Statute of Frauds.  *Hillard v. Franklin*, 41 S.W.3d 106, 112 (Tenn. Ct. App. 2000); *Massey v. Hardcastle*, 753 S.W.2d 127, 135-36 (Tenn. Ct. App. 1988) (the only required signature on a deed to sell real property is that of the owner/seller).  And, as previously stated, the document must contain language evidencing an intent by the grantor to convey title.  *Gee*, 166 B.R. at 317.

As is discernable on its face, the "Church Record & Commendation" was signed by Mr. Carter, and not the Debtor.  As previously discussed, the Debtor's signature, dated February 6, 2006, almost a year after she filed bankruptcy case, served only to "Memorialize[] and affirm[ the Church Record & Commendation] for filing."  Neither the "Church Record & Commendation" nor the "Church Record" executed on May 2, 2006, contain any language evidencing the transfer of any interest in the Debtor's property to Mr. Carter or More Perfect World Church Ministries.  As such, neither of these documents satisfies the Statute of Frauds or Tennessee Code Annotated section 66-5-103.

Finally, nothing in the record of this bankruptcy case will support a finding that the Debtor gifted her properties to More Perfect World Church Ministries, as is implied in the May 2, 2006 "Church Record."

> Two elements must be present in order to find a properly executed gift inter vivos. *Arnoult v. Griffin*, 490 S.W.2d 701, 710 (Tenn. Ct. App. 1972) (citing *Dodson v. Matthews*, 22 Tenn. App. 49, 117 S.W.2d 969 (Tenn. 1938)).  First, the donor must have the present intent to make a gift to the donee. *Id*. Intent is determined from the totality of the circumstances. *Id*. Second, the donor must deliver the gift to the donee. *Id*. For delivery to occur, the donor must "surrender complete dominion and control of the gift" to the donee. *Pamplin v. Satterfield*, 196 Tenn. 297, 265 S.W.2d 886, 888 (Tenn. 1954).  To prove delivery, the donee must show "evidence free from personal

>   interest and not equivocal in character that the property claimed was delivered to donee during the donor's life . . . ." *Atchley v. Rimmer*, 148 Tenn. 303, 255 S.W. 366, 369 (Tenn. 1923). "The testimony of the beneficiary of an inter vivos gift is not sufficient to establish the gift." *Union Planters v. Shepard*, No. W2002-01188-COA-R3-CV, 2003 Tenn. App. LEXIS 498, at *12[, 2003 WL 21729443, at *4] (Tenn. Ct. App. July 14, 2003) (citing *Atchley*, 255 S.W. at 369). Mere possession of the property at issue is not enough. *Id.* The donee must prove both intent and delivery by clear and convincing evidence. *Parsley v. Harlan*, 702 S.W.2d 166, 173 (Tenn. Ct. App. 1985) (citing *Ingram v. Phillips*, 684 S.W.2d 954 (Tenn. Ct. App. 1984)).

*In re Estate of Greene*, No. W2004-02910-COA-R3-CV, 2005 Tenn. App. LEXIS 698, at *7-8, 2005 WL 2978991, at *3 (Tenn. Ct. App. Nov. 7, 2005).

Clearly, the Debtor maintained legal control over all of her properties, as is evidenced by her individually filing for bankruptcy in March 2005. Additionally, she borrowed money from the Kings and IndyMac Bank, individually, that she secured by the Pigeon Forge properties. The deeds of trust granting the respective lenders a security interest in the property are both signed by the Debtor, individually, and both attest to the fact that the Debtor was the exclusive owner of the 458 Troy Drive and 251 Spring Valley real properties.

The Trustee bore the burden of challenging the legal sufficiency of the Claim filed by Michael Carter More Perfect World Church Ministries, which he has done. Mr. Carter's Claim is deficient on its face. The burden of proof shifted to Mr. Carter to prove the validity and amount of his claim by a preponderance of the evidence. *See Giordano*, 234 B.R. at 650. Based upon the record, the court finds as a matter of law that neither Mr. Carter nor any entity by the name of More Perfect World Church Ministries has an interest, secured or otherwise, in the Pigeon Forge, Tennessee real estate. Accordingly, the Trustee's Objection to Claim will be sustained. Claim No. 19 filed by Mr. Carter on February 7, 2006, will be disallowed in its entirety.

An order consistent with this Memorandum will be entered.

FILED: May 26, 2006

            BY THE COURT

            */s/ RICHARD STAIR, JR.*

            RICHARD STAIR, JR.
            UNITED STATES BANKRUPTCY JUDGE